FILED

JUL 11 2001

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

| | |
|---|---|
| MIKHAIL NOVIKOV and LYUBOV NOVIKOV, | |
| Plaintiffs, | NO. CIV. S-01-0305 WBS/GGH |
| v. | MEMORANDUM AND ORDER |
| ALLSTATE INSURANCE COMPANY, a mutual corporation, and DOES 1 through 25, inclusive. | |
| Defendants. | |

----ooOoo----

This is a suit arising out of defendant Allstate Insurance Company's decision not to pay plaintiffs' claim for losses resulting from flood damage. Defendants move to dismiss the second, third and fourth claims of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that those claims are preempted by federal law.

I. Background

   A. Factual and Procedural History

      Plaintiffs obtained a Standard Flood Insurance Policy through Allstate in January of 2000, and filed a claim of loss

when their property flooded in February. Allstate investigated the claim and denied coverage on the ground that there was "no general condition for flood." (Complaint, Ex. 2, Attached to Notice of Removal, Ex. 3). Plaintiffs filed suit in California Superior Court, alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, negligent infliction of emotional distress, and declaratory relief. Allstate removed the action to this court on the ground that the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4001, et seq., vests the federal courts with exclusive jurisdiction over plaintiffs' claims. See 42 U.S.C. § 4072.

B. Applicable Law

Congress enacted the NFIA to address the need for reasonably priced flood insurance. See 42 U.S.C. § 4001(a),(b); Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 387 (9th Cir. 2000). The NFIA established the National Flood Insurance Program (the "program"), under which the federal government offers flood insurance "at below actuarial rates for high risk structures erected before the preparation of the community's flood insurance rate map." Flick, 205 F.3d at 388. One method under the NFIA allows an "associated pool of private insurance companies to implement a privately operated program," compensated by federal "premium equalization payments." See 42 U.S.C. §§ 4051, 4052; id. The other method authorizes the federal government "to implement an alternative program through the facilities of the federal government." See 42 U.S.C. § 4071; id.

In 1978, the Federal Emergency Management Agency

("FEMA") assumed managerial responsibility for the operation of the program, which was initially administered by the Department of Housing and Urban Development ("HUD").  See Flick, 205 F.3d at 388-89.  Pursuant to its regulatory authority, FEMA created the "Write Your Own" ("WYO") program, which employs private insurers as "fiscal agents" of the United States to market Standard Flood Insurance Policies ("SFIPs").  Id. at 389.  Under the WYO program, private insurers ("WYO insurers") write SFIPs under their own names, and deposit collected premiums in the United States Treasury.  The SFIPs are offered under the auspices of the National Flood Insurance Program, and are identical in scope and in cost to policies issued directly by FEMA.  See id.[1] Accordingly, the SFIPs cannot be altered absent express authorization from FEMA.  The federal government pays all SFIP claims, and federal courts have "original exclusive jurisdiction" over disputes arising out of the disallowance or adjustment of any such claim.  See 42 U.S.C. § 4072.

II.  Discussion

         A district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In ruling on a 12(b)(6) motion, the court must view all allegations and draw all inferences in the light most favorable to the non-moving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  The court may not dismiss for failure to state a claim unless it appears beyond

---

[1] Approximately ninety percent of the SFIPs issued under the program are issued by WYO insurers, with the other ten percent being issued directly by FEMA.

3

doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

Allstate moves to dismiss plaintiffs' claims for breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress, because these claims are preempted by the NFIA.[2]

Federal preemption of state law occurs when: (1) Congress expressly states that a certain enactment preempts state law ("express preemption"); (2) Congress regulates conduct in a field intended to be occupied exclusively by the Federal Government ("field preemption"); or (3) state law actually conflicts with federal law ("conflict preemption").  See <u>English v. General Elec. Co.</u>, 496 U.S. 72, 78-79 (1990).

In <u>Mason v. Witt</u>, 74 F. Supp. 2d 955, 963 (E.D. Cal. 1999), Magistrate Judge O'Neill of this court makes a persuasive argument that the NFIA preempts state law tort claims on the basis of express preemption.[3]  See also <u>Bianchi v. State Farm</u>

---

[2] Defendants also argue that the same claims are barred by the Appropriations Clause of the United States Constitution, Const. Art. 1 § 9, cl. 7.  Because the court concludes that these claims are preempted, the court does not consider this argument.

[3] Magistrate Judge O'Neill relied on the language of section 4053.  Section 4072, which is applicable here, contains identical language:
> [U]pon the disallowance of any such claim [for proved and approved losses covered by flood insurance,] the claimant ... may institute an action against [FEMA or the WYP company] on such claim in the United States district court in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and

4

Fire and Casualty Co., 120 F. Supp. 2d 837 (N.D. Cal. 2000). Because this court finds a stronger argument for preemption on the basis of a conflict between state and federal law, however, the court need not adopt the analysis in Mason.

        Conflict preemption occurs when compliance with both state and federal requirements is impossible, or "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." English, 496 U.S. at 79. The Ninth Circuit has not decided the preemption issue that is the subject of defendants' motion. However, the Ninth Circuit's decision in Flick provides some guidance in anticipating how the Ninth Circuit might decide the issue.[4]

        In Flick, the Ninth Circuit recognized and enforced a rule of "strict compliance" regarding the terms and conditions of SFIPs. Flick, 205 F.3d at 391-92 (denying coverage due to claimant's failure to comply with SFIP's "60-day sworn proof of loss requirement"). This rule is based on the Appropriations Clause, which "preclude[s] a court from granting a remedy that draws funds from the Treasury in a manner not authorized by Congress." Flick, 205 F.3d at 391. Accordingly, "a WYO insurer

---

    determine such action without regard to the amount in controversy.

42 U.S.C. § 4072. The courts in Mason and Bianchi concluded that this language manifests "Congress' intent to make district court jurisdiction exclusive and to disallow remedies in state court." Bianchi, 120 F. Supp. 2d at 840; Mason, 74 F. Supp. 2d at 963 ("Congress clearly manifested an intent to allow only for claims on the contract.").

    [4] The parties in Flick stipulated to the preemption of the plaintiff's state law causes of action for breach of contract and the covenant of good faith and fair dealing. See Flick, 205 F.3d at 389.

has no choice but to strictly enforce SFIP requirements," and an insured may not obtain coverage in the absence of strict adherence to the policy's terms.  See <u>Scherz v. South Carolina Ins. Co.</u>, 112 F. Supp. 2d 1000, 1007 (C.D. Cal. 2000).

In reaching its conclusion, the Ninth Circuit emphasized "the unique interests involved when the federal government participates extensively in a flood insurance program that is national in scope."  <u>Flick</u>, 205 F.3d at 396.  The Ninth Circuit further stated:

> In adhering to a rule of strict compliance, we thus avoid disturbing the delicate balance ... between the need to pay claims and the need to ensure the long term sustainability of the [National Flood Insurance Program].  We also avoid the inconsistent results that would occur were we to treat standard flood insurance policies differently depending on whether they are written by WYO insurers or FEMA.

<u>Id.</u>  Thus, according to the Ninth Circuit, "there is a compelling government interest in assuring uniformity of decision in cases involving the [National Flood Insurance Program]."  <u>Id.</u> at 396, n. 14.

The above language prompted one district court to doubt its own conclusion in a previous decision where it found no conflict preemption.  See <u>Scherz</u>, 112 F. Supp. 2d at 1002 ("The matter does not appear to me now as it appears to have appeared to me then.").  In <u>Scherz</u>, the United States District Court for the Central District of California revisited the conflict preemption issue that it considered in <u>Cohen v. State Farm Fire and Ca.</u>, 68 F. Supp. 2d 1151 (C.D. Cal. 1999), and determined that <u>Flick</u> instructed a finding in favor of conflict preemption.

The court in <u>Scherz</u> pointed to an example where strict adherence to SFIP requirements conflicts with California law.

1  Id. at 1007-1008.  California law is more forgiving than federal
2  law when a claimant provides defective notice or proof of loss.
3  The standard under California law is whether the claimant
4  "substantially complied" with the policy's filing requirements.
5  See id. at 1007; McCormick v. Sentinel Life Ins. Co., 153 Cal.
6  App. 3d 1030, 1046 (1984).  A WYO insurer, however, must strictly
7  enforce the notice and proof of loss requirements under an SFIP.
8  See Flick at 391-92.  Substantial compliance is not sufficient to
9  warrant coverage on an SFIP claim.  As a result, the application
10 of state law would subject a WYO insurer to conflicting standards
11 for determining coverage.
12       More importantly, the application of state law on the
13 facts of this case would frustrate the accomplishment of the
14 objectives of the NFIA and the flood insurance program.  As the
15 Ninth Circuit acknowledged in Flick, federal law governing flood
16 insurance strikes a "delicate balance between the need to pay
17 claims and the need to ensure the long term sustainability of the
18 [program]."  Flick at 396.  "The success of the [program], so
19 far, has depended on the ability of the federal government and
20 participating insurers to offer flood insurance at below
21 actuarial rates."  Id.  In order to motivate the participation of
22 WYO insurers, the program provides an incentive for the payment
23 of claims by providing WYO insurers with a commission on paid
24 claims.  See Scherz, 112 F. Supp. at 1008.
25       The threat of potential bad faith liability could
26 undermine this partnership because WYO insurers, who currently
27 issue ninety percent of the SFIPs under the program, would be
28 less willing to participate in the program.  See Neill v. State

1  Farm Fire and Cas. Co., 2000 WL 1886573, *6 (E.D. Pa. 2000).
2  Moreover, WYO insurers who are not discouraged from participation
3  would likely err on the side of overpaying claims, a result which
4  could jeopardize the sustainability of the program's "delicate
5  balance."  See Scherz, 112 F. Supp. at 1008; Flick at 393
6  (recognizing that in most cases, WYO insurers deplete their net
7  premium income and draw funds from the United States Treasury to
8  pay losses under SFIPs).
9       In addition, the applicability of state law would
10 undermine the objective to create a nationally unified program
11 for flood insurance.  See 42 U.S.C. § 4001; Flick, 205 F.3d 396,
12 n. 14. ("[T]here is a compelling government interest in assuring
13 uniformity of decision in cases involving the [National Flood
14 Insurance Program].").  According to the United States, "allowing
15 State regulators to breathe down the necks of WYO companies, as
16 happened here, would make the 50 States co-administrators of the
17 program along with FEMA, a result Congress plainly did not
18 intend."  Neill, 2000 WL 1886573, *7 (quoting U.S. Government
19 Amicus Brief filed in Van Holt, 163 F.3d 161 (3rd Cir. 1998)).
20      Finally, because WYO insurers such as Allstate are only
21 compensated when they make payments on a claim, no purpose would
22 be served by subjecting them to liability for breach of the
23 covenant of good faith and fair dealing, or negligent and
24 intentional infliction of emotional distress.  WYO insurers have
25 no financial incentive to deny coverage, and thus, there is no
26 legitimate risk of bad faith or other tortious conduct in the
27
28

handling of SFIP claims.[5]

The cases cited by plaintiffs are not persuasive. As discussed above, the United States District Court for the Central District of California questioned its prior decision in Cohen after the Ninth Circuit's decision in Flick. Compare Scherz, 112 F. Supp. 2d at 1002, 1007-1010, with Cohen, 68 F. Supp. 2d at 1154-1160 (District Judge Matz presiding in both cases). In Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161 (3rd Cir. 1998), the Third Circuit did not squarely address the preemption issue, but rather determined that the district court had subject matter jurisdiction over "claims sounding in tort arising out of the investigation or adjustment of insurance policies" issued under the NFIA. Id. at 167. Although this holding implicitly suggests that tort claims are not preempted by federal law, the opinion provides no analysis of the principles governing preemption.

In Davis v. Travelers Prop. and Cas. Co., 96 F. Supp. 2d 995 (N.D. Cal. 2000), the district court held that conflict preemption did not preclude the plaintiffs' suit for damages resulting from the defendants alleged misrepresentation during the processing of plaintiffs' SFIP claim.[6] See id. at 1003-1004.

---

[5] Cases involving the handling of a claim of loss, such as this case, are distinct from those cases involving misconduct in the procurement of SFIPs. See Neill v. State Farm Fire and Cas. Co., 2000 WL 1886573, *5, *6 (E.D. Pa. 2000) ("the built-in financial safeguard against bad faith is not present in the procurement context"); Messa v. Omaha Prop. & Cas. Ins. Co., 122 F. Supp. 2d 513, 521-22 (D. N.J. 2000).

[6] Specifically, the plaintiffs alleged that the defendants failed to inform them that a sworn proof of loss was required to obtain coverage. See Davis at 997-998. The

1    In reaching its conclusion, the <u>Davis</u> court found no actual
2    conflict on the specific facts of that case, and no frustration
3    of Congress' objectives under the NFIA. <u>Id.</u> at 1004-1005. The
4    court distinguished <u>Flick</u> because that case involved a payment on
5    an SFIP claim, which comes out of the United States Treasury,
6    whereas the <u>Davis</u> court had dismissed the plaintiffs' claim for
7    payment on the policy. <u>See</u> <u>id.</u> at 1006. The court further
8    emphasized that "a judgment for plaintiffs on the state-law
9    claims would not be against FEMA, but rather against the [WYO
10   insurer-defendant]." <u>Id.</u> at 1004.

11              The <u>Davis</u> decision is not persuasive because, in the
12   view of this court, it is inconsistent with the Ninth Circuit's
13   finding that a claim "against [a WYO insurer] in federal court
14   is, in reality, a claim against the federal government." <u>Flick</u>,
15   205 F. 3d at 393-94, n. 10; <u>see</u> <u>also</u> <u>Van Holt</u>, 163 F.3d at 167.
16   Moreover, the <u>Davis</u> court appears to have given no weight to
17   arguments presented by FEMA in an amicus brief asserting that
18   both field and conflict preemption bar state law tort claims
19   arising out of a WYO insurer's handling of an SFIP claim. These
20   arguments are entitled to some deference in light of the agency's
21   unique ability to comprehend the impact of state requirements on
22   this complex statutory and regulatory framework. <u>See</u> <u>Geier v.</u>
23   <u>American Honda Motor Co., Inc.</u>, 529 U.S. 1913, 1926 (2000)
24   (placing "some weight" on an agency's position regarding a
25   preemption issue because "Congress has delegated to [the agency]
26   authority to implement the statute; the subject matter is

---

28   defendants later denied coverage on the ground that the
     plaintiffs failed to provide such a sworn statement. <u>See</u> <u>id.</u>

10

technical; and the relevant history and background are complex and extensive"); but see Smiley v. Citibank, 517 U.S. 735, 744 (1996) (preemption questions are decided de novo by the courts). Accordingly, the court concludes that plaintiffs' claims for breach of the covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress, are preempted by federal law.[7]

      IT IS THEREFORE ORDERED that defendants' motion to dismiss claims two, three and four of the complaint be, and the same hereby is, GRANTED.

DATED: July 10, 2001

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiffs' fifth claim for relief seeks a declaration from the court "determining the rights of the parties under the insurance contract." (See Complaint ¶ 34, Ex. 2, Attached to Notice of Removal, Ex. 3). Defendants stated during oral argument that they are not moving to dismiss this claim as it relates to plaintiffs' first claim for breach of contract.

11

pb

United States District Court
for the
Eastern District of California
July 11, 2001

\* \* CERTIFICATE OF SERVICE \* \*

2:01-cv-00305

Novikov

v.

Allstate Insurance

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  July 11, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

William E Kruse                                   SH/WBS
Law Offices of Kruse and Associates
2617 K Street
Suite 250
Sacramento, CA   95816

Gary Robert Gleason
Farbstein and Blackman
1820 Gateway Drive
Suite 320
San Mateo, CA   94404-4024

Gerald J Nielsen
PRO HAC VICE
Nielsen Law Firm
The Pelican Building
2121 Airline Highway
Suite 200
Metairie, LA   70001


Jack L. Wagner, Clerk

by: Deputy Clerk