FILED
DEC 19 2001
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

MIKHAIL NOVIKOV and LYUBOV NOVIKOV,

       Plaintiffs,

  v.

ALLSTATE INSURANCE COMPANY,

       Defendant.

NO. CIV. S-01-305 WBS/GGH

MEMORANDUM AND ORDER

----ooOoo----

Plaintiffs Mikhail and Lyubov Novikov allege that defendant Allstate Insurance Company ("Allstate") breached a flood insurance contract by failing to pay a claim arising from losses sustained to their property. Allstate moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the ground that plaintiffs failed to comply with conditions precedent for payment of funds under the flood insurance policy. Plaintiffs move to strike declarations submitted by Allstate in support of its motion.

///
///

1

41

I.  <u>Factual and Procedural Background</u>

In January 2000, plaintiffs obtained a Standard Flood Insurance Policy ("SFIP") through Allstate. In February 2000, flooding caused a loss to plaintiffs' property, and plaintiffs notified Allstate of a flood loss claim. (Pls.' Opp. at 6). Allstate retained an insurance claims adjuster to investigate the claim and assist plaintiffs in presenting it. In a letter dated March 22, 2000, Allstate notified plaintiffs that it was denying coverage on the ground that there was "no general condition for flood." (Novikov Decl. Ex. 4).

Plaintiffs filed suit in California Superior Court, alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, and declaratory relief. Allstate removed the action to this court on the ground that the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4001, et seq., vests the federal courts with exclusive jurisdiction over plaintiffs' claims. 42 U.S.C. § 4072. Allstate also moved to dismiss plaintiffs' claims for breach of the covenant of good faith and fair dealing and intentional and negligent infliction of emotional distress on the basis that these claims were preempted by the NFIA. This court granted that motion.

Allstate now moves for summary judgment, arguing that plaintiffs' claim is barred as a matter of law because they failed to submit a "proof of loss" statement setting forth their alleged damages within 60 days of the purported flood loss, as required by the SFIP and applicable regulations.
///

2

II. <u>Discussion</u>

The court must grant summary judgment to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party adverse to a motion for summary judgment may not simply deny generally the pleadings of the movant; the adverse party must designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Simply put, "a summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). The non-moving party must show more than a mere "metaphysical doubt" as to the material facts. <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986).

    A. <u>SFIP Provisions and Applicable Law</u>

Allstate is a Write-Your-Own (WYO) Program Carrier participating in the National Flood Insurance Program ("NFIP"), and is authorized to issue a Standard Flood Insurance Policy ("SFIP") under its logo. The SFIP is a federal law codified and found at 44 C.F.R. Pt. 61, App. A(1) (2001). Under the regulations, an insured must comply with, inter alia, the following requirement after sustaining a flood loss to property:

> Within 60 days after the loss, send us a proof of loss, which is your statement as to the amount you are claiming under the policy signed and sworn to by you...

1   44 C.F.R., Pt. 61, App. A(1), Art. 9(J)(3).  Provisions of the
2   SFIP cannot be changed or waived "without the express written
3   consent" of the Federal Insurance Administrator.  44 C.F.R., Pt.
4   61, App. A(1), Art. 9(D); 44 C.F.R. § 61.13(d).  The SFIP further
5   provides that a suit may not be brought "to recover money under
6   this policy unless you have complied with all the requirements of
7   the policy."  44 C.F.R., Pt. 61, App. A(1), Art. 9(R).
8           In Flick v. Liberty Mutual Ins. Co, 205 F.3d 386 (9th
9   Cir. 2000), the Ninth Circuit recognized and enforced a rule of
10  "strict compliance" with the terms and conditions of SFIPs.  Id.
11  at 387 (denying SFIP coverage due to claimant's failure to comply
12  with 60-day sworn proof of loss requirement); Wagner v. Director,
13  FEMA, 847 F.2d 515, 518-20 (9th Cir. 1988) (same).  This rule is
14  based on the Appropriations Clause, which "preclude[s] a court
15  from granting a remedy that draws funds from the Treasury in a
16  manner that is not authorized by Congress."  Flick, 205 F.3d at
17  391.  Accordingly, "a WYO insurer has no choice but to strictly
18  enforce SFIP requirements," and an insured may not obtain
19  coverage in the absence of strict adherence to the policy's
20  terms.  Scherz v. South Carolina Ins. Co., 112 F. Supp. 2d 1000,
21  1007 (C.D. Cal. 2000).
22          Allstate argues that plaintiffs had until April 24,
23  2000, 60 days subsequent to the purported loss, to submit a
24  completed, signed, and sworn proof of loss statement with
25  supporting documentation.  (Def.'s Mot. at 3).  Allstate presents
26  evidence that plaintiffs failed to submit a proof of loss
27  statement within the 60-day time period. (Stoltz Decl.; Def.'s
28  Mot. at 4).  Thus, Allstate argues that plaintiffs are barred as

a matter of law from pursuing their claim.  44 C.F.R., Pt. 61, App. A(1), Art. 9(R); Flick, 205 F.3d at 387.

B.  Proof of Loss Requirement

Plaintiffs allege that when they contacted Allstate by telephone to discuss their loss in February 2000, they were asked several questions and told that a claim would be submitted based on the information they provided.  (Pls.' Opp'n at 6).  They contend that the Allstate agent with whom they spoke did not mention the proof of loss requirement, "so naturally [the] Novikovs did not put anything in writing or have any knowledge that anything else was required of them."  (Id.).

Plaintiffs received a letter dated March 8, 2000 from Crawford & Company acknowledging "receipt of the notice of loss filed under the above claim number" and notifying plaintiffs of the claim representative who was assigned to assist Allstate in investigating and handling their claim.  (Novikov Decl. Ex. 3).  According to plaintiffs, this letter did not mention a proof of loss statement or the need to submit anything in writing.  (Pls.' Opp'n at 6).  A letter sent by Allstate on March 22, 2000, notifying plaintiffs that their claim was denied, also did not explicitly mention a proof of loss requirement.  (Id. at 7).

Plaintiffs' allegations that they were not expressly notified by Allstate or Crawford & Company of the proof of loss requirement does not relieve their obligations to strictly comply with policy terms.  The SFIP specifically warns claimants not to rely on the insurer's assistance in complying with the proof of loss requirement:

///

5

> The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.

44 C.F.R., Pt. 61, App. A(1), Art. 9(J)(6); Wagner, 847 F.2d at 520.

Plaintiffs' argument that they "believed the insurance was through Allstate only and had nothing to do with or would be paid through the US Treasury" is similarly unavailing. The SFIP is codified federal law and plaintiffs are charged with knowledge of it. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384-85 (1947). In addition, the March 22, 2000 letter explicitly referred plaintiffs to the "Allstate Dwelling Policy, National Flood Insurance Program" for relevant language regarding their coverage. (Novikov Decl. Ex. 4). It also specified the conditions for filing a lawsuit: "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." (Id.). This letter was dated approximately 30 days after their alleged loss. The evidence indicates that plaintiffs still had approximately 30 days to file a sworn and signed proof of loss statement in order to comply with the 60-day limitations period. Their recent submission of what appears to be a signed and sworn proof of loss statement, dated November 19, 2001, clearly exceeds the 60-day deadline.[1]

---

[1] Allstate points out that even if plaintiffs were not aware of the 60-day proof of loss requirement, they had the opportunity to apply for a waiver of this requirement with the Federal Insurance Administration. (Def.'s Reply at 4). SFIP provisions can be waived with the "express written consent of the

6

(Novikov Decl. Ex. 5).

C. <u>Waiver, Estoppel, and Substantial Compliance</u>

Plaintiffs contend that the doctrine of estoppel bars Allstate from asserting the proof of loss requirement as a defense. (Pls.' Opp'n at 7-8). They rely on <u>Gowland v. Aetna</u>, 143 F.3d 951, 954-55 (5th Cir. 1998), a decision in which the Fifth Circuit specifically rejected an estoppel claim against a private insurer that issued a SFIP. The <u>Gowland</u> court reasoned that "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution." <u>Id.</u> at 955. The court also noted that "[t]o date, the Supreme Court has not upheld an estoppel claim resulting in the payment of money out of the treasury." <u>Id.</u>

In <u>Flick</u>, the Ninth Circuit affirmed that a SFIP claimant cannot avoid strict enforcement of the 60-day proof of loss requirement, and confirmed that a claim against a WYO insurer is the same as a claim against the federal government for the purpose of applying the equitable estoppel doctrine. 205 F.3d at 393-94 n.10 (citing <u>Gowland</u>, 143 F.3d at 955).

///

---

Federal Insurance Administrator." 44 C.F.R., Pt. 61, App. A(1), Art. 9(D); 44 C.F.R. § 61.13(d). However, Allstate also concedes that waiver may not have been likely because Allstate found that plaintiffs' premises did not "sustain a general and temporary condition of flooding as defined under the policy." (Def.'s Reply at 4 n.10). Because plaintiffs' alleged failure to comply with the proof of loss requirement forms the basis for Allstate's motion, the issue of whether the property damage met these conditions has not been briefed by the parties or considered by the court.

7

1	Plaintiffs point out that under the SFIP, an insurer
2 may waive the proof of loss requirement by alternatively
3 accepting the adjuster's report of the loss. (Pl.'s Opp'n at 8).
4 The SFIP regulations provide the following with respect to an
5 insurer's waiver:

> We may, at our option, waive the requirement for the completion and filing of a proof of loss in certain cases, in which event you will be required to sign and, at our option, swear to an adjuster's report of the loss which includes information about your loss and the damages sustained, which is needed by us in order to adjust your claim.

10 44 C.F.R., Pt. 61, App. A(1), Art. 9(J)(7). Plaintiffs contend
11 that a waiver statement had not been presented to them, "although
12 one may exist." (Pl.'s Opp'n at 8). Although plaintiffs
13 speculate about whether Allstate may have waived the proof of
14 loss requirement, they present no evidence demonstrating that
15 they signed an adjuster's report of loss. Rather, plaintiffs
16 concede that because the adjuster did not mention a proof of
17 loss, they "naturally . . . did not put anything in writing or
18 have any knowledge that anything else was required of them."
19 (Pl.'s Opp'n at 8). No evidence has been presented to suggest
20 that Allstate opted to accept an adjuster's report signed by
21 plaintiffs instead of a proof of loss. Plaintiffs' allegations
22 that a waiver may have occurred, absent specific evidence, is
23 simply speculative and insufficient to raise a genuine issue for
24 trial.
25	Plaintiffs further argue that the proof of loss
26 requirement should be excused on the ground of substantial
27 compliance. (Pl.'s Opp'n at 8-9). They suggest that they
28 substantially complied with the proof of loss requirement by

8

1  contacting Allstate by telephone in February 2000, and submitting
2  a "notice of loss" mentioned in the March 8, 2000 letter from
3  Crawford & Company.  (Id.).  However, the Gowland court
4  emphasized that "giving notice of loss and providing a sworn
5  proof of loss statement are separate and distinct requirements of
6  the policy." Gowland, 143 F.3d at 954.  Under the SFIP, a
7  claimant must give both prompt notice to the insurer and a formal
8  proof of loss statement within 60 days after the loss. Id.; 44
9  C.F.R., Pt. 61, App. A(1), Art. 9(J)(1),(3).
10         Furthermore, the doctrine of substantial compliance is
11 not recognized as a valid defense to strict compliance with SFIP
12 requirements.  Flick, 205 F.3d at 394-97.  Although plaintiffs
13 quote extensively from the Flick dissent in support of their
14 argument, the binding legal principles resolving this issue are
15 set forth in the majority opinion. Id.  The Flick court reasoned
16 that "[i]n adhering to a rule of strict compliance, we thus avoid
17 disturbing the delicate balance, which FEMA has sought to strike,
18 between the need to pay claims and the need to ensure the long
19 term sustainability of the NFIP." Id. at 396.
20       D.  Additional Discovery
21         Plaintiffs complain that they have been prejudiced by
22 the introduction of the proof of loss issue at this stage in the
23 litigation.  They maintain that they did not conduct discovery on
24 this issue prior to the discovery cut-off date, presumably
25 because they did not anticipate that it would be raised on
26 summary judgment, and should be afforded further discovery
27 pursuant to Federal Rule of Civil Procedure 56(f).  (Pl.'s Opp'n
28 at 4).  Plaintiffs also contend that they should have the

9

opportunity to propound discovery on the "notice of loss" mentioned in the March 8, 2000 letter from Crawford & Company, and also on whether an adjuster's report was prepared following the investigation of their claim.

      Plaintiffs were clearly put on notice of the proof of loss issue as early as April 12, 2001, when Allstate filed its answer to their complaint. Allstate indicates in the thirteenth defense in its answer that plaintiffs "have not met the conditions precedent to filing a lawsuit" pursuant to the applicable regulations. (Def.'s Answer at 9). The fourteenth affirmative defense states that plaintiffs "have failed to submit a completed, signed and sworn proof of loss statement with supporting documentation ... and therefore their claims are not payable." (Id.).

      Plaintiffs thus had notice from the outset that failure to comply with proof of loss and other policy terms could potentially defeat their claims on summary judgment. The discovery cut-off date of September 20, 2001, allowed plaintiffs several months to pursue discovery on issues necessary to support their case and to defeat any affirmative defenses, including obtaining documents relevant to the proof of loss issue. A request for a continuance to conduct more discovery, at this late stage in the litigation, would not serve the interests of justice.

///
///
///
///

     E.   <u>Plaintiffs' Motions to Strike Declarations</u>

         1.   <u>Cheryl Stoltz</u>

Plaintiffs move to strike the declaration of Cheryl Stoltz submitted in support of Allstate's motion for summary judgment. Stoltz states that she is "the flood coordinator at Allstate" and the "custodian of the policy/claim file for Mikhail Novikov and Lyubov Novikov." (Stoltz Decl. at 2). Stoltz attests that the "Novikovs were the insureds under a Standard Flood Insurance Policy issued by Allstate" and that as the "custodian of the instant policy/claim file, I would be fully aware of all the documentation submitted to Allstate regarding the instant flood loss." (<u>Id.</u>). Stoltz further attests that "at no time has Allstate received a signed and sworn proof of loss statement from the Novikovs setting forth their claims."[2] (<u>Id.</u>).

Plaintiffs move to strike this declaration on the ground that "it lacks trustworthiness by not even mentioning the 'notice of claim' receipt which was acknowledged in defendant's other letters." (Pls.' Mot. to Strike Stoltz Decl. at 2). Under Federal Rule of Civil Procedure 56(e), motions for summary judgment may be supported by affidavits made on personal knowledge, that set forth facts that would be admissible in evidence, and that show affirmatively that the affiant is competent to testify. Fed. R. Civ. P. 56(e). Stoltz declaration indicates that she is competent to testify about the contents of plaintiffs' policy/claim file, including the absence of a

---

[2] A letter addressed to Cheryl Stoltz and Allstate, dated November 19, 2001 and purporting to be a proof of loss statement, was submitted after Stoltz's declaration was executed. (Novikov Decl. Ex. 5).

11

particular document.  Her failure to attest to the existence of a different document in the file has no bearing on the admissibility of her declaration and the statements therein.

Plaintiffs also move to strike the Stoltz declaration on the ground of untimeliness.  The declaration was dated October 30, 2001, approximately eight days after the motions filing deadline of October 22, 2001.  However, Allstate correctly points out that this declaration was filed 41 days before the hearing date, a period of time exceeding the 31 days required by Local Rule 78-230 for papers filed and served by mail prior to hearing.  Furthermore, plaintiffs have not shown that they have been prejudiced by the fact that the declaration was submitted after the motions filing deadline.

       2.  <u>Gary Gleason</u>

Plaintiffs also move to strike the declaration of Allstate's counsel Gary Gleason.  Gleason states that he reviewed the claim file of Allstate and that there "is no record of any sworn Proof of Loss having been filed by Plaintiffs in relation to the flood claim that forms the basis of their complaint herein."  (Gleason Decl. at 2).  Plaintiffs object to his affidavit on the ground that he is not the custodian of the business records for Allstate or for the plaintiffs' policy/claim file and that he lacks personal knowledge and competence to testify.  (Pls.' Mot. to Strike Gleason Decl. at 2).  Because Gleason is not a custodian of records, it is unlikely that he would be competent to testify about the contents of the policy/claim file at trial.  The court thus recognizes this objection and does not consider the declaration.  However, this

12

evidentiary ruling does not affect the foregoing analysis.

III.  Conclusion

  An insured's failure to comply with SFIP provisions bars a suit for damages under the policy.  <u>Flick</u>, 205 F.3d at 387.  Plaintiffs' evidence is insufficient, as a matter of law, to show that they complied with SFIP requirements by submitting a sworn and signed proof of loss statement within 60 days after their loss.  They also present no evidence showing that this requirement was waived by the Federal Insurance Administrator or Allstate in accordance with the terms of the policy.  Because plaintiffs have not shown that there are genuine issues for trial, Allstate is entitled to judgment as a matter of law.

  IT IS THEREFORE ORDERED that defendant's motion for summary judgment be, and the same hereby is, GRANTED.

  IT IS FURTHER ORDERED that plaintiffs' motion to strike the declaration of Cheryl Stoltz be, and the same hereby is, DENIED.

  IT IS FURTHER ORDERED that plaintiffs' motion to strike the declaration of Gary Gleason be, and the same hereby is, GRANTED.

DATED: December 18, 2001

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

```
              United States District Court
                        for the
              Eastern District of California
                    December 19, 2001


              * * CERTIFICATE OF SERVICE * *

                                     2:01-cv-00305

    Novikov

       v.

    Allstate Insurance
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on December 19, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
       William E Kruse                          SH/WBS
       Law Offices of Kruse and Associates
       2617 K Street                            VC/GGH
       Suite 250
       Sacramento, CA   95816

       Gary Robert Gleason
       Farbstein and Blackman
       1820 Gateway Drive
       Suite 320
       San Mateo, CA   94404-4024

       Gerald J Nielsen
       PRO HAC VICE
       Nielsen Law Firm
       The Pelican Building
       2121 Airline Highway
       Suite 200
       Metairie, LA   70001
```

Jack L. Wagner, Clerk

by: Deputy Clerk